**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

M.P.,

        **Plaintiff,**

    v.                            **Civil Action 2:26-cv-306
Judge Algenon L. Marbley
Magistrate Judge Jolson**

RED ROOF FRANCHISING, LLC, *et al.*,

        **Defendants.**

## OPINION AND ORDER

Before the Court is Defendant Red Roof Franchising, LLC's ("RRF") Motion for Leave to File a Redacted Version of the Franchise Agreement.  (Doc. 45).  In it, Defendant RRF seeks to redact information regarding its fee structure in its franchise agreement with MPH Group, LLC. (*Id.*).  For the following reasons, the Motion is **GRANTED**.

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citation omitted).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records."  *Id.*  (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

The Court finds that Defendant RRF met its burden to overcome the presumption of access. First, Defendant RRF argues that it has a compelling reason to redact the fee information because "[r]evelation of this private and confidential business information could pose a serious risk to RRF's ability to compete with similarly situated companies by giving competitors an unfair inside look into RRF's business strategy." (Doc. 45 at 5).  Defendant RRF next contends that the public has no interest in the redacted information.  (*Id.* at 6).  Finally, Defendant RRF asserts that its request is narrowly tailored because it only seeks to redact the specific fee amounts.  (*Id.* at 6–7).

Defendant RRF has demonstrated that the information within this document is nonpublic and confidential, and if disclosed, would risk competitive injury, protecting such information outweighs the public's interest in disclosure of this information, and the proposed redactions are narrowly tailored and no broader than necessary to protect the information at issue.  *Shane Grp., Inc.*, 825 F.3d at 305–06; *Kondash*, 767 F. App'x at 637.

For these reasons, the Court **GRANTS** Defendant RRF's Motion to for Leave to File a Redacted Version of the Franchise Agreement.  (Doc. 45).

IT IS SO ORDERED.


Date:   June 4, 2026                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE